UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISRAEL L. GONZALEZ,<br>Petitioner,<br>v.<br>ANDRE QUINONES, *et al.*,<br>Respondents.[1] | Case No. C26-3528-MLP<br>ORDER |

Petitioner Israel L. Gonzalez, a citizen of Cuba, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He was brought to the United States in 1966 at age two, paroled as a refugee, and has never left. (Gonzalez Decl. (dkt. # 1-2), ¶¶ 1-3.) Petitioner has been in ICE custody since March 6, 2026. (First Subero Decl. (dkt. # 7), ¶ 5.) He has an order of removal to Cuba that became final on May 21, 2026. (*Id.* ¶ 7.) Cuba denied repatriation. (*Id.* ¶ 6.)

On September 16, 2026, through counsel, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his detention has become indefinite and seeking immediate release. (Dkt. # 1.)

[1] ICE Acting Seattle Field Office Director Andre Quinones is substituted for Julio Hernandez. *See* Fed. R. Civ. P. 25(d).

On October 5, 2026, Respondents filed a return to the petition (dkt. # 6) along with a notice of intent to remove Petitioner to Mexico (dkt. # 5). On October 11, 2026, Petitioner was transferred to Arizona, where he refused third-country removal, and he was returned to NWIPC on October 14, 2026. (Second Subero Decl. (dkt. # 9), ¶ 4.)

On November 12, 2026, Petitioner filed a traverse to the return (dkt. # 11) and, on November 20, 2026, Respondents filed a status update (dkt. # 12). ICE Deportation Officer Freite Subero states in his supporting declaration that ICE "will continue Third Country Removal efforts." (Third Subero Decl. (dkt. # 13), ¶ 6.)

In *Zadvydas v. Davis*, the Supreme Court construed 8 U.S.C. § 1231(a)(6) to authorize post-removal-period detention only for the period reasonably necessary to effect removal. 533 U.S. at 689, 699 (2001). The Court adopted a presumption that detention up to six months after a removal order becomes final is reasonable when it is related to effectuating removal. *Id.* at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If removal is not reasonably foreseeable, "continued detention is no longer authorized by statute." *Id.* at 699.

Petitioner is a noncitizen entitled to due process protections. *See Zadvydas*, 533 U.S. at 693. Six months of detention have passed since his removal order became final. His continued detention is therefore beyond the period *Zadvydas* identifies as "presumptively reasonable." 533 U.S. at 701. Petitioner has produced evidence that there is no reasonably foreseeable likelihood of removal, as Cuba has refused repatriation and removal to Mexico was unsuccessful.

The burden therefore shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Respondents simply argue that they will continue

third-country removal efforts. They have not sought or obtained travel documents for Petitioner, do not know when such documents might issue, and do not know if they will issue at all. Under *Zadvydas*, that is insufficient to justify continued detention.

Accordingly, the Court GRANTS the petition for writ of habeas corpus (dkt. # 1).[2] Within **twenty-four (24) hours** of this Order, Respondents shall release Petitioner from custody subject to reasonable conditions of supervision; and within **four (4) business days** of this Order, Respondents shall file a notice with the Court confirming his release.

Dated this 23rd day of November, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

[2] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 3.)